COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

Name: __Johnson__   __Vandell__
     (Last)     (First)     (Middle Initial)

Prisoner Number: __AG1099__

Institutional Address: __Kern Valley State Prison, P.O. Box 5101__

__Delano, CA 93216__

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Vandell Johnson,
*(Enter your full name.)*

vs.

Ralph Diaz, H. Moseley, Rick H.
Hall, L. Cahayla, C. Carrillo,
J. R. Pagan, K. O'Connor, B. Hus-
*(Enter the full name(s) of the defendant(s) in this action.)*

Case No. __1:22-cv-00399-GSA (PC)__
*(Provided by the clerk upon filing)*

COMPLAINT UNDER THE
CIVIL RIGHTS ACT,
42 U.S.C. § 1983
42 USC § 1985(2)&(3);
Monell Official Policy

## I. Exhaustion of Administrative Remedies.

*Note: You must exhaust available administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.*

A. Place of present confinement __Kern Valley State Prison   A-Facility__

B. Is there a grievance procedure in this institution?   YES ☒   NO ☐

C. If so, did you present the facts in your complaint for review through the grievance procedure?   YES ☒   NO ☐

D. If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue any available level of appeal, explain why.

1. Informal appeal: __FSP-0-20-00401  FSP-0-20-00196, 000000-__
   __218683, 000000214955.__

PRISONER COMPLAINT (rev. 8-2015)
Page 1 of 3

2. First formal level: _____

3. Second formal level: __00196 guilty finding on RVR 6944870__
   reversed on 3-9-20

4. Third formal level: _____

E. Is the last level to which you appealed the highest level of appeal available to you?

  YES ☒   NO ☐

F. If you did not present your claim for review through the grievance procedure, explain why.
Jailhouse snitch labelling by guard/ supervisors intended to chill inmate complaints, constitutes a state-create danger is effective in this regard.

## II. Parties.

A. Write your name and present address. Do the same for additional plaintiffs, if any.
Vandell Johnson, KVSP A-Facility, 3-226, 3000 W. Cecil Ave.
Delano, CA 93215.

B. For each defendant, provide full name, official position and place of employment.
Ralph Diaz, Director of Corrections, Calif. Dep't of Corr.;
H Moseley, Chief Ofc. Of Appeals, Calif. Dep't of Corr.;
Rick M. Hall, Warden, Folsom State Prison;
L. Cahayla, Assoc. Warden/ Chief Discipl. Ofcr. Folsom State P;
C. Carrillo, Corr. Counselor II(A)/App. Coord., Folsom State P;
J.R Pagan, Investigative Serv. Unit Sergeant, Folsom State P;
K. O'Connor, Corr. Lt./Senior Hearing Ofcr., Folsom State Pr;

PRISONER COMPLAINT (rev. 8 2015)
Page 2 of 3

## III. Statement of Claim.

State briefly the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

Claim I

1. 8th Amendment - Cruel And Unusual Punishment
2. Medical Care/ Overdose Neglect
3. Supporting Facts:

On Monday December 16, 2019, at approximately 1525 hours Plaintiff(already high all morning-afternoon snorting over a gram of heroin) was escorted from his assigned cell in Unit 2 A5-8 to holding cage #3 at 1545 hours during a random cell search by officers Montes and defendant M. Jennings, for an unclothed body search, at which point Pla. who had a "Kiwi sized" bindle of heroin(28 grams) in his mouth when ordered to submit to have cuffs removed and strip out, faced the rear

## IV. Relief.                                         Cont.add.pgs...

Your complaint must include a request for specific relief. State briefly exactly what you want the court to do for you. Do not make legal arguments and do not cite any cases or statutes.

Compensatory damages in the amount of $50,000 from each Dft.;

Punitive damages in the amount of $50,000 from each Dft., to
   include emotional/ mental distress;

Expungement of Pla's C-file of all related RVR's;

Any additional relief the court deems equitable, and just.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on: ___3-23-22___        _____
                 Date                  Signature of Plaintiff

PRISONER COMPLAINT (rev. 8.2015)
Page 3 of 3

Cont. Supp. Facts
Page 2 of 8

of the cage, attempted to commit suicide by overdose, began chewing the bindle...ingesting a substantial amount of the drug.

Defendant Jennings merely looked on as Pla began to succumb to the effects of the drug, alerting no medical staff, as required, leaving Pla in the holding cage cuffed for over 30 minutes.

In the process of chewing/ ingesting the drugs, he began to throw-up(a mixture of food, water, and heroin). Where given that he had no socks or shoes on, he was standing in puddles of throw-up, absorbing more of the drug through the pores on the bottom of his feet.

At that point the defendants would not take him out the cage, for reason of needing to obtain a camera to photograph him exactly as he was inside the cage. Where defendant Rebeterano asserted he was in a crime scene and they couldn't let him out the cage. A camera was retrieved after 30 minutes(it took 2-3 minutes to take pictures, and for Dft. Jennings to guaze Pla's feet to retrieve suspected heroin off of them, and from spittle on the floor, dawning PPE). By this time, Pla was semi-conscious, after 25 minutes of overdosing.

Prior to photographing him, he sat in the cage cuffed naked(for 15-20 minutes), given his boxers back after 20 minutes.

Medical wasn't called until 1602 hours, where LVN L. Ibarra responded at 1605 hours(at the 25th minute), and observed him in the cage in this condition, who immediately told Dft's Jennings, and Rebeterano to get Pla out the cage "Now!", "Code 3",...observing an apparent suicide attempt aided by the guards.

No alarm was ever sounded, as required, in violation of "Emergency Medical Response" procedures, and DOM Section 51010.6, etc.

Cont Supp. Facts
Page 3 of 8

At the Triage Treatment Area(TTA), arriving at 1616 hours, Pla was immediately hit with his first 4mg dose of Narcan intranasal at 1621 hours. Then after placed in the ambulance at 1639 hours he was hit with a 2mg second dose at 1655 hours, leaving the prison with Pla allegedly in stable condition.

Upon arriving at the hospital(Mercy Hospital of Folsom) at about 1702, Pla had to use the restroom. An hour in the hospital, the Pla urinated and defecated on himself, before being hit with a third 2mg dose of Narcan.

Plaintiff wasn't provided a cup of water until 45-50 minutes after ingesting the drugs.

Injury: Suffer brain damage, loss cognitive functions, periodic black outs, burnt/ diminished taste buds, as well as to his feet...

## Claim II

1. 14th Amendment Due Process
2. False reported gram amount/ evidence tampering, etc.
3. Supporting Facts:

Upon being discharged from the hospital on 12-16-19 Plaintiff was placed in Administrative Segregation(ASU), charged with distribution of methamphetamine(187.1 grams per a 12-16-19 CDCR 128G Classification Chrono), and refusal to submit to a urinalysis(UA).

As an extension of defendant Jennings neglect, he is believed to have tampered with evidence, utilizing several unauthorized solvents/ solutions to retrieve the regurgitated substance...before taking it to Custody Complex to process it into Locker #1 and 4.

Processed into evidence were 3 soaked medical steril pads allegedly weighing 106.2 grams collected from the floor, 2 guazes weighing 56.9 grams from the scrappings off Pla's feet, and 23.2 grams per plastic bindle retri-

Cont. Supp. Facts
Page 4 of 8

eved from the cage floor(sic).

There is no indication from reports of the chain of custody, or explaining the cause for defendant Pagan's delay in submitting the evidence to the Lab for toxicology on 7-31-20 at 9:33 a.m(6 months later)...yet submitting a prosecution referral to the District Attorney's Offfce on 1-10-20, raising suspicion of evidence tampering by Dft. Jennings, and a cover-up.

Through toxicology Lab Report No. 20-C00015, Agency No. FSP-PU2-19-12-0497 found 20.9 grams gross weight(per results dated 9-11-20), where the Dft's action distorted the weight, placing it at 187.1 grams to bolster the prosecution referral, and negate liability for Pla's near death experience.

The deliberate distortion of the weight of the substance, compounded by Dft. Mejia's self-serving statement in response to the related "Refusing To Provide Urine Sample" Rules Violation Report Log# 000000006944870 claiming Pla was "totally coherent" when spoken to at the cage on the day of the occeurence, to undermine his claim he was semi-conscious, and therefore incapable of complying, violating due process, resulting in a guilty finding on the RVR, followed by Dft. Lee mixing an eventual urine sample he'd provided with that of another inmates, resulting in a Positive Test Result RVR Log# 000000006964898, dated 2-6-20, with the sample collected on 1-21-20 in Lab Sample I.D: 11013973, Specimen ID CE500018328 received by Phamatec on 2-3-20 (Rpt. dated 2-5-20).

The disposition on RVR 6944870 was reversed as a result of Appeal Log# FSP-0-20-00196, at the SLR on 3-9-20, with that of RVR 6964898 arbitrarily affirmed with staff personnel from the appeal review(i.e., SHO, CCII(A), Sgt. Montero, Lt. Albin, Lt. Huston, AW, Warden, Chief OOA, and Director) acquiescing to the guards/Administrations ulterior motives for the due process

Cont. Supp. Facts
Page 5 of 8

violations immediately suspending Pla's visits on 12-16-19 pre-RVR disposition, without the infraction alleging Pla "introduced" the drug into the institution/ facility, or was packaged for "distribution", or was connected to visiting, as required by CCR § 3176.4(a),(c), 3314(e)(2), or 3315(f)(5)(B), denying witnesses, arbitrary relevance determinations, within the meaning of CCR § 3315(e)(1)(B), 3318(a)(1)(C), 3320(i), (1), and counterfeit investigations, especially given that Dft's Jennings, and Rebeterano was fired as a result of their neglect/ inactions.

Injury: Obstruction of justice, delayed toxicology, slander/ self-serving statement undermining his position at RVR hearing; Anxiety, stress and duress.

## Claim III

1. 1st Amendment
2. Retaliation; Disciplinary proceeding; Stacking/ Vindictive prosecution.
3. Supporting Facts:

As a result of defendants Jennings, and Rebeterano's actions neglecting to respond to Pla's attempted suicide by overdosing, they stacked the deck attacking him with retalitory RVR's allegedly for Refusing To Produce Urine Sample at the time of the overdose on 12-16-19 at approximately 1526 hours (postmarked timestamped) while semi-conscious Logged# 000000006944870(disregarding his claim an independent UA was performed at the hospital)(the results which were requested, but never provided), then another while in ASU Log #000000006964898 dated 2-6-20 for a Positive UA(Meth., and heroin), as mentioned above in Claim II in the "mixing" instance.

Given the timeline of the Dft's retalitory acts, a nexus is seen in the dates of actions following allegations of impropriety by staff in the complaint filed by his wife with the Office of Internal Affair Log#

Cont. Supp. Facts
Page 6 of 8

and or in RVR proceeding.

Plaintiff advised the Adminstration(Dft. Cahayla) at Committee on 1-11-20 regarding his release from ASU, of his concerns of retaliation/ problems if sent back to the same building(1st Tier A-Side), with the same guards/supervisors being regulars in the Building, subjecting him to being closely monitored, and isolated from other inmates. Despite his concerns, the Dft. sent him back to A-Side, and signed off on a subsequent retalitory RVR s disposition.

In the 6944870 RVR proceedings, Investigative Employee s Dft. Sanders assigned on 12-23-19(Report dated 1-6-20), and A. Russell assigned to RVR 7029789 on 10-27-21(Report dated 12-22-21) reporting to SHO Dft. O'Connor, was aware of his position defendants Jennings/ Rebeterano assisted in his attempted suicide by overdose neglect, of 3 retalitory cell searches(including a crushed asprin testing incident, and the taking of his T.V), and of the "Snitch" label placed on him by the guards/ supervisors, to chill his complaints.

The issue at January 20-21, 2004 Senate Select Committee hearings on Corrections Madrid v. Gomez, USDC- ND No. C90-3094 TEH Special Masters 6-24-04 report(specific to Exh "26", PBSP Knowles/Palmer report references), was a conflict with union representatives(Dft's. Sanders, Lopez, or Hinojosa, in this case) involvement in complaint investigations interview processes/ RVR proceedings, "violate the very tenets of law enforcement investigations", whereas CDCR 115/ 7219 related conspiracies find their roots in the interview processes, with a nexus to retalitory acts/ attacks, the union supporting guards wrongdoing, soliciting false reportings, etc., and with the Administration complicit in the cover-ups.

Defendants Jennings, and Rebeterano's firing as a result of their negli-

Cont. Supp. Facts
Page 7 of 8

gence in responding to Pla s overdose would have been known to SHO defendant O'Connor when adjudicating RVR's Log# 6944870, and 7029789, still found him guilty on 1-12-20 and 12-23-21 respectively, suspending visits until 12 23 22(loss family visits 12-22-24 thru 12-22-27), the same can be said of Lt. C.O O'Hagan hearing RVR Log# 6964893 on 3-20-20 re Use Of Controlled Substance.

CDO(Defendant Cahayla) following the SHO's disposition on RVR's Logged# 6944870, and 7029789 affirmed the findings, excessive sanctions, despite discrepancy in weight/ gram amount, and visits(already having been wrongly suspended since 12-16-19), knowing of Jennings, and Rebeterano's firing at the time of the guilty finding, with Sanders the Reporting Employee on the RVR and the unions role in stacking the deck. Where he was authorized to suspend the disciplinary sanction during an audit of the RVR per DOM Sec. 52080.9.3.

Cahayla would have known of the motive behind the retalitory RVR's.

The Administrative acquiescence from the CCII(A) Carrillo, AW Cahayla, Warden Hall, OOA Moseley, up to the Director Diaz, seen in response to appeals Logged# FSP 0-20-00401, FSP 0-20-00196(granted at the SLR on 3-9-20; showing the SHO decision to have been arbitrary), 000000218683, 000000214955 given FSP guards history of overdose neglect incidents, corrupt, counterfeit investigations, inadequate appeals system, arbitrary appeal denials, new policy of deliberately missed response deadline(after nearly a year sitting on them), or refusing to respond altogether, as to inquiries into the firing of Jennings, and Rebeterano, all issues subject of the Senate hearings implicated in the Madrid Special Masters report, and shown to be continuing practices departmentwide in the Inspector Generals annual reports, contrary to Madrid reform mandates, and official policy.

Cont. Supp. Facts
Page 8 of 8

    Defendants Schubert, and Foster, filed charges on 2-14-20 (referred on 1-10-20) despite a botched investigation/ evidence tampering, aware of the firing of defendants Jennings, and Rebeterano, where Pla's case would not have met prosecution referral criteria in Sacramento County under the circumstances, absent vindictiveness of the defendants

<u>Injury</u>: Deprived of rehabilitative benefits of the visiting program; Traumatized, emotional/ mental distress; Subjection to physical altercations by "Jailhouse Snitch" labelling; Property loss; Effect on family; Double Jeopardy, and Goodtime Credit, etc.

Cont. II  Parties B
Page 2 of 2

B. Huston, App.Reviewer/ Corr Lt., Folsom State Prison;

J. Albin, App.Reviewer/ Corr.Lt., Folsom State Prison;

E. Mejia, Corr.Lt., Folsom State Prison;

H. Montero, Corr.Sgt./RVR Reviewing Supervisor, Folsom State Prison;

C.A. Rebeterano, Corr.Sgt., Folsom State Prison;

M.C. Jennings, Corr. Ofcr., Folsom State Prison;

T. Lee, Corr Ofcr., Folsom State Prison;

J. Sanders, Calif. Corr.Peace Ofcr's.Assoc. Union Rep./ Discipl.Ofcr.
         Folsom State Prison;

Mike Lopez, Calif.Corr.Peace Ofcr's.Assoc.Union Rep., Folsom State Prison;

Mariee H. Hinojosa, Calif.Corr.Peace Ofcr's.Assoc Union Rep., Folsom State
         Prison;

Patrick Foster, Deputy District Attorney, Sacramento County;

Anne Marie Schubert, District Attorney, Sacramento County.

Cont. Defendants

ton, J. Albin, E. Mejia, H. Montero, C.A. Rebeterano, M.C. Jennings, T. Lee, J. Sanders, Mike Lopez, Mariee H. Hinojosa, Patrick Foster, Anne Marie Schubert.