UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANDELL JOHNSON,<br><br>           Plaintiff,<br><br>     v.<br><br>RALPH DIAZ, et al.,<br><br>           Defendants. | No.  2:22-cv-0606 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

      Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.     Application to Proceed In Forma Pauperis

      Plaintiff has requested clarification as to whether his applications to proceed in forma pauperis have been received. ECF No. 11. The applications have been received and the declarations make the showing required by 28 U.S.C. § 1915(a). ECF Nos. 7, 8. Accordingly, the requests to proceed in forma pauperis will be granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. Complaint

### A. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

2

speculative level." Twombly, 550 U.S. at 555 (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

B.   Allegations

The complaint is comprised of three claims and alleges that defendants Diaz, Moseley, Hall, Cahayla, Carrillo, Pagan, O'Connor, Huston, Albin, Mejia, Montero, Rebeterano, Jennings, Lee, Sanders, Lopez, Hinojosa, Foster, and Schubert violated plaintiff's rights under the First, Eighth, and Fourteenth Amendments. ECF No. 1.

In Claim One, plaintiff alleges that during a strip search on December 16, 2019, he attempted to commit suicide by chewing on a bundle of heroin while already high from snorting heroin earlier that day. Id. at 3-4. Although plaintiff showed signs of overdosing, Jennings and Rebeterano failed to alert medical staff and refused to remove plaintiff for over thirty minutes. Id. at 4. When medical was finally called, they ordered plaintiff to be removed from the cell immediately and he was sent to the hospital. Id. at 4-5.

Claim Two alleges that plaintiff's due process rights were violated in relation to disciplinary proceedings that arose out of his overdose. Id. at 5-7. Plaintiff asserts that Jennings tampered with evidence and that there is no explanation for the six-month delay in Pagan submitting the evidence to the lab for a toxicology report. Id. at 5-6. Mejia then lied about

plaintiff being coherent at the time he was overdosing, in order to support a rules violation report (RVR) for refusing to provide a urine sample. Id. at 6. Plaintiff was found guilty of refusing to provide a sample, but the decision was reversed on appeal. Id. When plaintiff eventually gave a urine sample, Lee mixed it with another inmate's sample, resulting in a positive test. Id. Plaintiff was issued an RVR for the positive test and was found guilty. Id. The guilty determination was affirmed on appeal by Montero, Albin, Huston, and other individuals who are only identified by their positions. Id.

Finally, in Claim Three, plaintiff appears to allege that the two RVRs he received were a result of retaliation by Jennings and Rebeterano because of complaints filed by plaintiff's wife. Id. at 7. Cahayla signed off on the disposition of the RVRs and ignored plaintiff's concerns about retaliation upon release from administrative segregation and sent plaintiff back to the housing unit where he had overdosed. Id. at 8-9. Sanders, the investigative employee assigned to the RVR for refusing a urine test, allegedly reported to O'Connor, the hearing officer, that plaintiff believed Jennings and Rebeterano had assisted with plaintiff's suicide attempt by failing to properly respond to his overdose and had conducted three retaliatory cell searches. Id. at 8. O'Connor then found plaintiff guilty of refusing a urine test despite knowing that Jennings and Reberterano had been fired as a result of their response to plaintiff's overdose. Id. at 8-9. Plaintiff also appears to allege that Sanders, Lopez, and Hinojosa had a conflict in participating in the RVR investigations because they were union representatives, while Carillo, Cahayla, Hall, Moseley, and Diaz's acquiescence in the conduct was demonstrated by their responses to plaintiff's appeals. Id. at 8-9. Schubert and Foster allegedly brought charges against plaintiff for the heroin he overdosed on despite the evidence tampering and firing of Jennings and Rebeterano and even though the did not meet the prosecution referral criteria. Id. at 10.

C. Claims for Which a Response Will Be Required

Plaintiff's allegations that Jennings and Reberterano failed to respond to his overdose or call medical assistance for over thirty minutes are sufficient to state a claim for deliberate indifference against these defendants. See Farmer v. Brennan, 511 U.S. 825, 837 (1994) (prison official violates the Eighth Amendment when he "knows of and disregards an excessive risk to

inmate health or safety"). If plaintiff chooses to proceed on the complaint as screened, these defendants will be required to respond to the complaint.

### D. Failure to State a Claim

#### i. Personal Involvement

"Liability under § 1983 must be based on the personal involvement of the defendant," Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980)), and "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient," Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted). Plaintiff makes only vague and conclusory allegations against defendants Diaz, Moseley, Hall, Carrillo, Lopez, and Hinojosa, which are insufficient to establish the necessary personal involvement of these defendants.

Plaintiff also appears to name Cahayla, Huston, Albin, and Montero as defendants based solely on their affirmation of plaintiff's disciplinary charge on appeal. However, defendants' denial of plaintiff's appeal does not establish the personal involvement necessary to subject them to liability under § 1983. There are no facts showing that these defendants were aware of an *ongoing* violation of plaintiff's rights such that they had the opportunity to intervene or take some other corrective action. As the Seventh Circuit has observed, "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) (finding that only people who cause or participate in constitutional violations are responsible). Furthermore, plaintiff has no claim for the "loss of a liberty interest in the processing of his appeals . . . because inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

#### ii. Due Process

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418

U.S. 539, 556 (1974) (citation omitted).  Rather, with respect to prison disciplinary proceedings that include the loss of good-time credits, an inmate must receive (1) twenty-four-hour advanced written notice of the charges against him, id. at 563-64; (2) "a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action," id. at 564 (internal quotation marks and citation omitted); (3) an opportunity to call witnesses and present documentary evidence where doing so "will not be unduly hazardous to institutional safety or correctional goals," id. at 566; (4) assistance at the hearing if he is illiterate or if the matter is complex, id. at 570; and (5) a sufficiently impartial fact finder, id. at 570-71.  A finding of guilt must also be "supported by some evidence in the record."  Superintendent v. Hill, 472 U.S. 445, 454 (1985).

While plaintiff alleges that he lost good-time credits, and was therefore entitled to the procedural protections outlined in Wolff, he does not allege that he was denied any of those procedural protections.  The fact that O'Connor found plaintiff guilty, without more, does not demonstrate that O'Connor was not a sufficiently impartial fact finder.  Furthermore, though plaintiff appears to allege that Sanders, Lopez, and Hinojosa were not impartial because of their positions as union representatives, they are not the individuals alleged to have presided over the disciplinary hearing.

To the extent plaintiff appears to be alleging Jennings, Pagan, Mejia, and Lee falsified the charges or evidence against him, these allegations do not support a claim under 42 U.S.C. § 1983.  See Hines v. Gomez, 108 F.3d 265, 268 (9th Cir. 1997) ("[T]here are no procedural safeguards protecting a prisoner from false retaliatory accusations."); accord, Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986); Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984).  As long as prison disciplinary charges are supported by "some evidence," due process is satisfied.  Hill, 472 U.S. at 454.

### iii.  Retaliation

In order to state a claim for retaliation, plaintiff must allege facts showing that the defendants took adverse action against him and that they were motivated to do so by plaintiff's protected conduct.  Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005) (citation omitted).  Plaintiff alleges that defendants' conduct was motivated by complaints made by his wife, not

6

plaintiff's own complaints. Plaintiff provides no facts demonstrating that defendants' conduct was motivated by *plaintiff's own* protected conduct, and he therefore fails to state a claim for retaliation against any defendant.

### iv. Defendants Foster and Schubert

Prosecutors are absolutely immune from liability when performing the traditional functions of an advocate and acts that are "intimately associated with the judicial phase of the criminal process." Kalina v. Fletcher, 522 U.S. 118, 125 (1997) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). Since plaintiff's claims against Foster and Schubert are based on their conduct in prosecuting plaintiff in his criminal proceedings, these claims cannot proceed.

### E.   Leave to Amend

For the reasons set forth above, the court finds that the only cognizable claim in the complaint is an Eighth Amendment claim against defendants Jennings and Reberterano based upon their response to plaintiff's overdose. However, it appears that plaintiff may be able to allege facts to remedy the defects of other claims and he will be given the opportunity to amend the complaint if he desires. Plaintiff may (1) proceed forthwith to serve defendants Jennings and Reberterano on his Eighth Amendment claim based on their response to his overdose *or* (2) he may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his Eighth Amendment claim against defendants Jennings and Reberterano without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of all other claims and defendants.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

III. Motion for Preliminary Injunction or Temporary Restraining Order

Plaintiff seeks a temporary restraining order or preliminary injunction to reinstate his visitation privileges, which were suspended as sanctions for the RVR he received for having a positive urine test. ECF No. 2.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). In order to prevail on a motion for preliminary injunctive relief, the Ninth Circuit has also held

> that there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself. The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant "relief of the same character as that which may be granted finally." De Beers Consol. Mines[ v. United States], 325 U.S. [212,] 220, 65 S. Ct. 1130

[(1945)].  Absent that relationship or nexus, the district court lacks authority to grant the relief requested.

Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015).  The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction.  Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

Because plaintiff has not stated any viable claims related to his RVRs, he cannot show any likelihood of success on the merits relative to those claims.  Moreover, the injunctive relief he seeks is not sufficiently related to his cognizable claims to give the court authority to grant relief.  For these reasons, the motion for temporary restraining order or preliminary injunction should be denied.

IV.     Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted.  That means you do not have to pay the entire filing fee now.  You will pay it over time, out of your trust account.

Some of the allegations in the complaint state claims against the defendants and some do not.  You have stated an Eighth Amendment claim against defendants Jennings and Reberterano based upon their response to your overdose.  You have not stated any other claims for relief against these defendants or against any other defendant.

You have a choice to make.  You may either (1) proceed immediately on your Eighth Amendment claim against Jennings and Reberterano, and voluntarily dismiss the other claims *or* (2) try to amend the complaint.  If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice all claims against defendants Jennings and Reberterano except for the Eighth Amendment claim based upon their response to your overdose, and all claims against Diaz, Moseley, Hall, Cahayla, Carrillo, Pagan, O'Connor, Huston, Albin, Mejia, Montero, Lee, Sanders, Lopez, Hinojosa, Foster, and Schubert.  If you choose to file a first amended complaint, it must include all claims you want to bring.  Once an amended complaint is filed, the court will not look at any information in the original complaint.  **Any claims and**

9

**information not in the first amended complaint will not be considered.**  You must complete the attached notification showing what you want to do and return it to the court.  Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to be served).

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for leave to proceed in forma pauperis (ECF Nos. 7, 8) are GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's allegations against defendants Diaz, Moseley, Hall, Cahayla, Carrillo, Pagan, O'Connor, Huston, Albin, Mejia, Montero, Lee, Sanders, Lopez, Hinojosa, Foster, and Schubert do not state any claims for which relief can be granted.  Plaintiff has also failed to state any claims for relief against defendants Jennings and Rebeterano other than the Eighth Amendment claim based upon their response to plaintiff's overdose.

4. Plaintiff has the option to proceed immediately on his Eighth Amendment claim against defendants Jennings and Rebeterano as set forth in Section II.C above, or to amend the complaint.

5. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint.  If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of all claims against defendants Jennings and Reberterano except for the Eighth Amendment claim based upon their response to plaintiff's overdose and all claims against Diaz, Moseley, Hall, Cahayla, Carrillo, Pagan, O'Connor, Huston, Albin, Mejia, Montero, Lee, Sanders, Lopez, Hinojosa, Foster, and Schubert.

6. Plaintiff's motion for clarification (ECF No. 11) is GRANTED to the extent clarification has been provided above.

7. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that plaintiff's motion for a temporary restraining order or preliminary injunction (ECF No. 2) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 3, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANDELL JOHNSON,<br><br>   Plaintiff,<br><br>   v.<br><br>RALPH DIAZ, et al.,<br><br>   Defendants. | No.  2:22-cv-0606<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Eighth Amendment claim against defendants Jennings and Reberterano based upon their response to plaintiff's overdose without amending the complaint.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice all other claims against Jennings and Reberterano and all claims against Diaz, Moseley, Hall, Cahayla, Carrillo, Pagan, O'Connor, Huston, Albin, Mejia, Montero, Lee, Sanders, Lopez, Hinojosa, Foster, and Schubert pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                                          Vandell Johnson
                                                          Plaintiff pro se

1