UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANDELL JOHNSON, | No. 2:22-cv-0606 DAD AC P |
| Plaintiff, | |
| v. | ORDER |
| RALPH DIAZ, et al., | |
| Defendants. | |

Plaintiff has filed a motion seeking the appointment of counsel and leave to amend the complaint. ECF No. 32.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id.

Plaintiff does not identify any grounds for appointing counsel in this case, much less the exceptional circumstances necessary to warrant the appointment of counsel. Furthermore, this case has been referred to the Post-Screening ADR Project and is currently stayed and awaiting scheduling of a settlement conference, and there is no indication that plaintiff is unable to represent himself at the settlement conference. For these reasons, plaintiff has not shown the existence of extraordinary circumstances warranting the appointment of counsel.

With respect to plaintiff's request for leave to amend the complaint, this case is currently stayed, and no pleadings or documents aside from those identified in the order referring this case to the Post-Screening ADR Project are to be filed. Furthermore, the motion to amend is not accompanied by a proposed amended complaint. The motion will therefore be denied. Plaintiff is advised that in the event this case does not settle, and after the stay in this case is lifted, he may move for leave to amend. Any such motion must be accompanied by a copy of the proposed amended complaint.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel and for leave to amend the complaint (ECF No. 32) is DENIED without prejudice to renewal at a later stage.

DATED: August 3, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE