UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANDELL JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>RALPH DIAZ, et al.,<br><br>    Defendants. | No. 2:22-cv-0606 DAD AC P<br><br><br>ORDER |

Plaintiff has requested the appointment of counsel. ECF No. 41. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

1

Plaintiff has requested counsel be appointed due to the rescheduling of the settlement conference at defendants' request. ECF No. 41. Although the court understands plaintiff's frustration at having the settlement conference delayed, it does not establish the existence of extraordinary circumstances warranting the appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (ECF No. 41) is DENIED.

DATED: November 29, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE